**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFORMATION LOGISTICS, INC.,<br><br>Plaintiff,<br>v.<br><br>ARCADIS IBI GROUP (US) LLC and ARCADIS PROFESSIONAL SERVICES (USA) INC.<br><br>Defendants. | C.A. No. 2:24-cv-03610-GAM |

**ARCADIS IBI GROUP (US) LLC'S AND ARCADIS PROFESSIONAL SERVICES (USA) INC.'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Domingo M. LLagostera (admitted pro hac)
Heidi G. Crikelair
James G. Gorman III
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
domingo.llagostera@blankrome.com
heidi.crikelair@blankrome.com
james.gorman@blankrome.com

*Attorneys for Defendants*

November 14, 2025

## TABLE OF CONTENTS

***Page***

PRELIMINARY STATEMENT....1
ARGUMENT....2
CONCLUSION....5

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bjorgung v. Whitetail Resort, LP*,
550 F.3d 263 (3d Cir. 2008)....................3

*Cal. Pub. Emps.' Ret. Sys.* v. *Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004)....................2

*Cureton* v. *NCAA*,
252 F.3d 267 (3d. Cir. 2001)....................3, 5

*Dole v. Arco Chem. Co.*,
921 F.2d 484 (3d Cir. 1990)....................2

*Foman v. Davis*,
371 U.S. 178 (1962)....................2

*Fraser* v. *Nationwide Mut. Ins. Co.*,
352 F.3d 107 (3d Cir. 2003)....................3

*Heraeus Med. GMBH v. Esschem, Inc.*,
321 F.R.D. 215 (E.D. Pa. 2017)....................3

*Kotowski* v. *JGM Fabricators & Erectors, Inc.*,
No. 18-1512, 2019 WL 13208255 (E.D. Pa. Feb. 25, 2019)....................4

*Lake v. Arnold*,
232 F.3d 360 (3d Cir. 2000)....................3

*McCarthy* v. *Komori Am. Corp.*,
200 F.R.D. 507 (3d Cir. 2001)....................4

*Tarkett, Inc. v. Congoleum Corp.*,
144 F.R.D 289 (E.D. Pa. 1992)....................3

*Vertex, Inc. v. Avalara, Inc.*,
No. 22-CV-0315-JMY, 2025 WL 1222205 (E.D. Pa. Apr. 14, 2025)....................5

*Waterfront Renaissance Assocs. v. City of Phila.*,
701 F.Supp.2d 633 (E.D. Pa. 2010)....................2

*Zeigenfuse* v. *Kemp & Assocs., Inc.*,
No. 14-05954, 2015 WL 7568259 (E.D. Pa. Nov. 25, 2015)....................4

**Other Authorities**

Federal Rule of Civil Procedure Rule 12(b)(6)....................................................................1

Federal Rule of Civil Procedure Rule 15(a) .......................................................................2

**PRELIMINARY STATEMENT**

ILOG commenced this suit over a year go on July 31, 2024. At its core, this suit, which alleges copyright infringement, unfair competition, and tortious interference, is nothing more than sour grapes over Arcadis having been awarded a contract by the Pennsylvania Department of Transportation.[1] Ultimately, not only is there no basis for liability; but, *even if* ILOG were to establish liability, any possible damages will be nominal and eclipsed by the parties' legal fees.

Regardless, ILOG has already amended its complaint once in a misguided effort to clean up its claims and increase its potential damages. Now, after the production of thousands of pages of documents, extensive third-party discovery efforts, a stay of the litigation, and a two-day mediation during which the parties were unable to resolve their disputes, ILOG seeks to substantially expand the scope of its claims, ostensibly to exert leverage over Arcadis and keep its tort claims viable (which, among other things, are preempted by the Copyright Act). As a result, ILOG seeks leave of this Court to file a ***third*** complaint (the "Second Amended Complaint" or "SAC") containing numerous new allegations in what is clearly a "throw mud at the wall and see what sticks" approach. Many of these new allegations fail to give rise to claims for relief, which, assuming ILOG is permitted to file the SAC, is an issue that Arcadis will address in due course pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). That aside, a subset of the new allegations are also woefully late such that ILOG should not be permitted to even assert them in the first instance. ILOG seeks to add allegations to its complaint in support of its claims for copyright infringement that Arcadis copied (i) ILOG's Terms and Conditions, which are readily

[1] The contract at issue involves providing and maintaining the 511PA Connect system, which enables the Pennsylvania Department of Transportation and the Pennsylvania Turnpike to communicate with and provide information to drivers during emergency situations like severe weather.

available on the 511PA Connect website,[2] and (ii) certain public-facing graphical user interface or GUI screens[3] (i.e., website pages) (collectively, "the Late Allegations"). All of the facts underlying the Late Allegations are publicly available and have been for more than a year. This is why ILOG's motion for leave to file its third complaint states that the SAC is "based ***primarily*** on information uncovered during discovery[.]"[4] To be clear, while ILOG might have a basis pursuant to Federal Rule of Civil Procedure Rule 15(a) to amend its complaint based on information it learned during discovery, it has no basis to also add in the Late Allegations. ILOG unreasonably delayed bringing these allegations and permitting them to be added at this stage is going to impose additional costs on Arcadis, including in connection with moving to dismiss ILOG's claims. *See Cal. Pub. Emps.' Ret. Sys.* v. *Chubb Corp.*, 394 F.3d 126, 163-66 (3d Cir. 2004) (affirming denial of leave to amend where defendants would "incur the effort and expense of a third motion to dismiss").

For the reasons herein, Arcadis respectfully requests that the Court deny ILOG's motion to amend (the "Motion") with respect to the Late Allegations.[5]

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(a) "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed R. Civ. P. 15(a). The decision of whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Waterfront Renaissance Assocs. v. City of Phila.*, 701 F.Supp.2d 633, 639 (E.D. Pa. 2010). Critically, however, as the Third

---

[2] *See, e.g.*, SAC at ¶¶ 63(a), 63(d), 65-70, 92, 100–01, 108, 110–12, 117, 141–42 and 148, 150, 158 and Exhibits J & K thereto.
[3] *See, e.g.*, SAC at ¶¶ 84–89, 91–92, 106–08, 110–12, 117, 145-46, 148, 150, 158 and Exhibits R & S thereto.
[4] ILOG's Brief in Support of Its Motion for Leave to File a Second Amended Complaint (hereinafter referred to as "Memo.") at 2 (emphasis added).
[5] *See supra* fn. 3 and 4, citing paragraphs in ILOG's proposed second amended complaint that specifically reference and/or relate to the Late Allegations.

Circuit has explained, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co*., 921 F.2d 484, 487 (3d Cir. 1990). Rather, this Court "has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser* v. *Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003); *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman*, 371 U.S. at 182).

The Third Circuit has explained that "[d]elay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (affirming denial of request for leave to amend); *see also Tarkett, Inc. v. Congoleum Corp*., 144 F.R.D 289, 290 (E.D. Pa. 1992) (denying request to amend in part and noting that "the moving party bears the burden of proof in explaining the reasons for delay in seeking leave to amend"). "Implicit in the concept of 'undue delay' is the premise that Plaintiffs, in the exercise of due diligence, could have sought relief from the court earlier." *Heraeus Med. GMBH v. Esschem, Inc.*, 321 F.R.D. 215, 217–19 (E.D. Pa. 2017) (internal quotation and citation omitted). Moreover, where a plaintiff "has had previous opportunities to amend a complaint," its delay in moving "may become undue." *Cureton* v. *NCAA*, 252 F.3d 267, 273 (3d. Cir. 2001) (affirming denial of leave to file second amended complaint).

"[T]he question of undue delay requires that [the District Court] focus on the movant's reasons for not amending sooner." *Id.* Here, ILOG claims that it should be permitted to file a third complaint because it learned additional information during discovery. But, the Late Allegations are based entirely on publicly available information to which ILOG had access well before

discovery commenced. It is these allegations and related exhibits that Defendants oppose ILOG being permitted to include as part of ILOG's third attempt to plead its case.

Critically, ILOG offers no credible explanation for its failure to include the Late Allegations in either of its prior pleadings. *See McCarthy* v. *Komori Am. Corp.*, 200 F.R.D. 507, 508–09 (3d Cir. 2001) (collecting cases where courts denied leave to amend because plaintiffs failed to explain delay); *Kotowski* v. *JGM Fabricators & Erectors, Inc.*, No. 18-1512, 2019 WL 13208255, at *1 n.1 (E.D. Pa. Feb. 25, 2019) ("failure to explain the delay in filing constitutes undue delay"); *Zeigenfuse* v. *Kemp & Assocs., Inc.*, No. 14-05954, 2015 WL 7568259, at *3 (E.D. Pa. Nov. 25, 2015) (denying motion for leave to amend where plaintiff "failed to provide a reason for the delay in seeking leave."). Instead, with respect to the Terms and Conditions, which have been publicly available and easily accessible on the 511PA Connect website since the system launched on May 31, 2024—i.e., months before ILOG commenced this litigation in the first instance—ILOG states that for some unknown reason it elected to "inspect[]" the information "during discovery" at which time it allegedly "immediately realized" that the Terms and Conditions allegedly infringed its copyright. (Memo. at 5.) But, ILOG's failure to review the Terms and Conditions prior to commencing its suit and/or prior to amending the first time on September 30, 2024 does not (and cannot) justify its delay. Indeed, ILOG concedes that the information is readily accessible on a "public site" that "contains a link to the Terms and Conditions." (*See id.*) Similarly, with respect to ILOG's proposed allegations regarding "public-facing graphical user interface screens" (or, essentially, website pages), ILOG weakly claims that it could not access the data until "there was an emergency" that made the "511PA Connect site [] active." (*Id.*) But ILOG never actually says when it was first able to access the website to review the public-facing GUI screens at issue. This

omission is glaring—i.e., ILOG does not claim that the website pages at issue were not accessible prior to its September 30, 2024 amendment.

Allowing ILOG to add the Late Allegations at this stage of the proceedings will cause undue prejudice to Arcadis. It will require Arcadis to participate in substantial new discovery in connection with the Late Allegations, beyond the already extensive and expensive efforts they have undertaken to date (and may still be required to undertake in connection with other allegations that ILOG proposes to add through this latest amendment). It will also significantly increase Arcadis' costs to dismiss the third complaint for failure to state a claim, which Arcadis plans to file in due course if ILOG is permitted to file the SAC. *See Vertex, Inc. v. Avalara, Inc.*, No. 22-CV-0315-JMY, 2025 WL 1222205, at n.2 (E.D. Pa. Apr. 14, 2025) ("Prejudice may occur, for example, where amendment forces the non-movant to expend significant additional resources to conduct discovery and prepare for trial or significantly delays resolution of the dispute.") (internal alterations and quotation marks omitted); *Cureton,* 252 F.3d at 273 (explaining that in evaluating potential prejudice, courts in the Third Circuit consider "whether allowing an amendment would result in additional discovery, cost, and preparation" for the non-movant to "defend against new facts or new theories"). Arcadis should not be required to expend additional time, cost, and effort, to address allegations of wrongdoing which could have been previously advanced by ILOG in this action.

## CONCLUSION

For all of these reasons, in the event that the Court permits ILOG to file its Second Amended Complaint, Arcadis requests that the Court enter an Order directing ILOG to remove allegations regarding Arcadis' Terms & Conditions and/or Arcadis' public-facing graphical user interface screens, including those found in Paragraphs 63(a), 63(d), 65-70, 84-89, 91-92, 100–01, 106-08, 110–12, 117, 141–42, 145-46, 148, 150, 158 and Exhibits J, K, R, and S of its proposed

SAC, on the grounds that these allegations are unduly delayed and permitting their inclusion at this late juncture is prejudicial to Arcadis.

*/s/ Heidi G. Crikelair*
Domingo M. LLagostera
Heidi G. Crikelair
James G. Gorman III
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
domingo.llagostera@blankrome.com
heidi.crikelair@blankrome.com
james.gorman@blankrome.com

*Attorneys for Defendants*
*Arcadis IBI Group (US) LLC and*
*Arcadis Professional Services (USA) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/ *Heidi G. Crikelair*
Heidi G. Crikelair