IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFORMATION LOGISTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARCADIS IBI GROUP (US) LLC and ARCADIS PROFESSIONAL SERVICES (USA) INC.<br><br>Defendants. | C.A. No. 2:24-cv-03610-GAM |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

John D. Simmons (ID 202405)
Ava E. Lutz (ID 332553)
Steven D. Lustig (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1268
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
alutz@panitchlaw.com
slustig@panitchlaw.com

*Attorneys for Plaintiff, Information Logistics, Inc.*

Dated: November 21, 2025

# TABLE OF CONTENTS

I. Introduction ........................................ 1

II. Argument ........................................ 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Gould Inc.*,
739 F.2d 858 (3d Cir. 1984) ........................................ 3

*Chancellor v. Pottsgrove Sch. Dist.*,
501 F. Supp. 2d 695 (E.D. Pa. 2007) ........................................ 1

*Cureton v. NCAA*,
252 F.3d 267 (3d Cir. 2001) ........................................ 2, 3

**Other Authorities**

Fed. R. Civ. P. 15(a) ........................................ 1

# INDEX OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Plaintiff's First Set of Requests for Production to Arcadis IBI Group (US) LLC and Arcadis Professional Services (USA) Inc. |

## I. INTRODUCTION

Plaintiff Information Logistics, Inc. ("Plaintiff" or "ILOG) respectfully submits this Reply in support of its Motion for Leave to File Second Amended Complaint (the "Motion"). (ECF No. 43). ILOG should be granted leave to file its proposed Second Amended Complaint because Arcadis IBI Group (US) LLC and Arcadis Professional Services (USA) Inc. (collectively, "Defendants" or "Arcadis) has not shown (1) undue delay, (2) prejudice, (3) bad faith, or (4) futility. *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007) ("[U]nder Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.").

## II. ARGUMENT

Arcadis's Partial Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint ("Arcadis's Opposition") (ECF No. 46) focusses exclusively on (1) undue delay and (2) prejudice elements, thereby tacitly admitting that Plaintiff's Motion is not filed in (3) bad faith and is not (4) futile. Arcadis's admission that the Motion is not futile undercuts their prejudice assertion that "costs to dismiss the third complaint for failure to state a claim, which Arcadis plans to file in due course if ILOG is permitted to file the SAC," because the claims and assertions in the Second Amended Complaint are meritorious. (*See* ECF No. 46 at 5). Costs should not be increased, as Arcadis should not file a Motion to Dismiss a claim that they tacitly admit is not futile and has merit.

Regarding undue delay, Arcadis asserts that ILOG "already amended its complaint once in a misguided effort to clean up its claims and increase its potential damages." (ECF No. 46 at

1).[1] ILOG's First Amended Complaint (ECF No. 7), however, exclusively added Arcadis Professional Services (USA) Inc. as a Defendant. (*See id.*, ECF No. 7-1). There was no attempt to expand claims or damages in the First Amended Complaint. This undermines Arcadis's claim that the proposed Second Amended Complaint (ECF No. 43-1) is ILOG's "third attempt to plead its case." (ECF No. 46 at 4).

Arcadis requests that the Court enter an order removing two categories of allegations from ILOG's proposed Second Amended Complaint, including allegations regarding (1) Arcadis's Terms and Conditions and (2) Arcadis's public-facing graphical user interface ("GUI") screens associated with copyright infringement. Arcadis argues these allegations are unduly delayed because its Terms and Conditions and GUI screens "are publicly available and have been for more than a year." (ECF No. 46 at 6). Arcadis's argument is misplaced. As was repeated several times in ILOG's Motion, there is no undue delay because the allegations are based on information uncovered during discovery in this matter. (ECF No. 44 at 1, 4-7, 10 and 11; *e.g.* "ILOG's amendments to the Proposed Second Amended Complaint are based on information uncovered ***during*** discovery ….").

"[W]hile bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (internal citation omitted). When ILOG filed the Complaint (ECF No. 1) and the First Amended Complaint (ECF No. 7), it was not aware that Arcadis's Terms and Conditions or GUI screens were substantially similar to ILOG's.[2] At the

[1] Plaintiff has used the page numbers at the bottom of the document as opposed to the ECF stamped page number located on the top of the documents in the record.

[2] The publicly-facing GUI screens are only viewable during an event, so it is not as if they are readily reviewable from the public site other than when an event occurs.

outset, the case was centered on Arcadis's copying of ILOG's proprietary materials in Arcadis's proposal submitted in response to PennDOT's 2023 RFP for the 511PA and 511PA Connect services (ECF Nos. 1, and 7). ILOG had no obligation to analyze whether Arcadis's Terms and Conditions or GUI screens were substantially similar before bringing this action or amending the Complaint to include Arcadis Professional Services (USA) Inc. as a Defendant.

The Third Circuit has explained,

> The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."

*Cureton*, 252 F.3d at 273 (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted).

Arcadis claims the allegations regarding the Terms and Conditions and public-facing GUI screens will cause undue prejudice to Arcadis. They will not. Discovery is not near completion, as no party depositions have occurred. Fact discovery is not scheduled to close until March 31, 2026. (ECF No. 42). Adding the challenged allegations will not delay the resolution of the case; the scope of discovery will be materially identical. In fact, ILOG already served Requests for Production directed to Arcadis's public-facing GUI screens on November 8, 2024. (Ex. 1 at 7).[3]

Moreover, even if the challenged allegations were removed from the proposed Second Amended Complaint, Arcadis would still need to defend against the same two copyright infringement claims (Counts I and IV) that cover the Terms and Conditions and public-facing

[3] ILOG would have learned Arcadis's public-facing GUI screens are substantially similar to its own through Arcadis's document production—rather than solely by inspecting the 511PA Connect site during an active emergency—had Arcadis produced GUI screens in response to ILOG's Requests for Production. (Ex. 1 at 7).

GUI screens. Arcadis has not established any undue delay or prejudice sufficient to warrant denial of ILOG's Motion.

Respectfully Submitted,

Dated: November 21, 2025

*/s/ John D. Simmons*
John D. Simmons (ID 202405)
Ava E. Lutz (ID 332553)
Steven D. Lustig (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1268
Facsimile: (215) 965-1331
jsimmons@panitchlaw.com
alutz@panitchlaw.com
slustig@panitchlaw.com
*Attorneys for Plaintiff, Information Logistics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 21, 2025, a true and correct copy of the foregoing was electronically filed using this court's CM/ECF system, which constitutes service upon counsel of record for Defendant Arcadis IBI Group (US) LLC, and is available for viewing and downloading from the ECF system.

*_/s/ John D. Simmons_*
John D. Simmons